UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MONACO BAZZO,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA, et al.<br><br>  Defendants. | No. 1:23-cv-01454-KES-SAB (PC)<br><br>ORDER TRANSFERRING PLAINTIFF'S CLAIMS ARISING AT IRONWOOD STATE PRISON TO UNITED STATES DISTRICT COURT EASTERN DIVISION FOR CENTRAL DISTRICT OF CALIFORNIA<br><br>(ECF No. 1) |

Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed this action on September 13, 2023, together with his motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, in the United States District Court for the Southern District of California. (ECF Nos. 1, 2.) Plaintiff filed a certified copy of his prison trust account statement on September 15, 2023. (ECF No. 3.)

On October 6, 2023, the action was transferred to this Court. (ECF No. 4.)

On October 12, 2023, the Court directed Plaintiff to submit another application to proceed in forma pauperis, (ECF No. 7), and Plaintiff filed a further motion to proceed in forma pauperis on October 24, 2023, ECF No. 9.

On October 25, 2023, Findings and Recommendations were issued to deny Plaintiff's motion to proceed in forma pauperis because his available balance at the time the action was filed was $628.97. (ECF No. 11.) Plaintiff filed objections to the Findings and Recommendations on November 3, 2023. (ECF No. 12.)

On November 22, 2024, the Court granted Plaintiff's motion to proceed in forma pauperis because as of November 4, 2024, Plaintiff's "prison trust fund account" reflected that he had no funds in his account and was no longer able to pay the filing fee. (ECF No. 20.) Accordingly,

1

Plaintiff's initial complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A.

Plaintiff's complaint raises claims that took place at the Substance Abuse Treatment Facility and State Prison, Corcoran and Ironwood State Prison. (ECF No. 1.) However, Plaintiff's claims for the conditions he faced while at Ironwood State Prison are not properly before this Court.

To determine the proper venue for a 1983 claims, courts apply the general venue statute. See 28 U.S.C. § 1391(b). Under that statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Id. For venue purposes, a "natural person" resides in the district where the person is domiciled. See 28 U.S.C. § 1391(c)(1).

Here, Plaintiff's allegations that challenge the conditions of confinement he faced while at Ironwood State Prison, including exposure to COVID, are not properly before this Court. From the face of the complaint, it is clear that, under Section 1391(b)(1) or (2), this Court is not a proper venue for Plaintiff's claims for actions that took place at Ironwood State Prison. Given the separate nature of the claims and issues and the potential prejudice to the Ironwood Defendants, it is appropriate to sever Plaintiff's claims arising at Ironwood State Prison, pursuant to Rule 21. Severance under Rule 21 does not necessarily mean dismissal, however. See, e.g., Gaffney v. Riverboat Servs. of Indiana, Inc., 451 F.3d 424, 442 (7th Cir. 2006) ("[S]everance under Rule 21 creates two separate actions or suits where previously there was but one.") (internal quotation omitted); Fisher v. United States, 2015 WL 5723638, at *7 (C.D. Cal. June 18, 2015) ("[P]ursuant to Rule 21, the severed claim becomes a new and separate action.") (citing Lee v. Cook County, 635 F.3d 969, 971 (7th Cir. 2011). In deciding whether to dismiss or transfer claims severed pursuant to Rule 21, district courts must "conduct a prejudice analysis, including 'loss of otherwise timely claims if new suits are blocked by statutes of limitations.'" Rush v. Sport

Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015) (quoting DirecTV, Inc. v. Leto, 467 F.3d 842, 846-47 (3d Cir. 2006)).

Accordingly, Plaintiff's claims against the Ironwood Defendants should be severed from this case and transferred to the Central District of California as a separate action. See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."); 28 U.S.C. § 1391(b); see also Allen v. Hubbard, 2018 WL 1710061, at *2 (E.D. Cal. Apr. 9, 2018) (transferring severed claims to appropriate federal district, rather than dismissing the claims, because plaintiff may be prejudiced by dismissal due to statute of limitations), and recommendation adopted, 2018 WL 1911678 (E.D. Cal. Apr. 23, 2018).

The Court will screen Plaintiff's complaint with regard to the claims arising at the Substance Abuse Treatment Facility and State Prison, Corcoran in due course.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's claims arising at Ironwood State Prison are severed from this action and transferred to the United States District Court for the Central District of California, Eastern Division, to proceed as a separate civil action in that district;

2. The Clerk's Office shall forward to the United States District Court for the Central District of California:

(1) a copy of this order, and

(2) a copy of the Complaint filed in this action on September 13, 2023 (ECF No. 1).

IT IS SO ORDERED.

Dated: **February 6, 2025**

STANLEY A. BOONE
United States Magistrate Judge