UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MONACO BAZZO, | No. 1:23-cv-01454-KES-SAB (PC) |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT |
| v. | |
| STATE OF CALIFORNIA, et al. | (ECF No. 1) |
| Defendants. | |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed this action on September 13, 2023, together with his motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1, 2.) Plaintiff filed a certified copy of his prison trust account statement on September 15, 2023. (ECF No. 3.) On October 12, 2023, the Court directed Plaintiff to submit another application to proceed in forma pauperis, (ECF No. 7), and Plaintiff filed a further motion to proceed in forma pauperis on October 24, 2023, ECF No. 9.

On October 25, 2023, Findings and Recommendations were issued to deny Plaintiff's motion to proceed in forma pauperis because his available balance at the time the action was filed was $628.97. (ECF No. 11.) Plaintiff filed objections to the Findings and Recommendations on November 3, 2023. (ECF No. 12.)

1

On November 22, 2024, the Court granted Plaintiff's motion to proceed in forma pauperis because as of November 4, 2024, Plaintiff's "prison trust fund account" reflected that he had no funds in his account and was no longer able to pay the filing fee. (ECF No. 20.) Accordingly, Plaintiff's initial complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

# SUMMARY OF ALLEGATIONS[1]

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff names the State of California, the California Department of Corrections and Rehabilitation (CDCR), former Secretary of CDCR Kathleen Allison, Warden Sherman, Warden Neil McDowell, Associate Warden A. Baer, Doctor V. Alvarez, and Doctor M. Shaw, as Defendants.

On October 31, 2020, officer Brazil, allowed two inmates to enter Plaintiff's restricted dorm and assault him causing severe injuries to him which required 22 days of hospitalization. In addition, post-assault, Plaintiff was taken to administrative isolation cell with no property, including his ADA permanent medical supplies. All property was packed by officer Brazil (currently in state appeal court as a separate property loss lawsuit) and lost or destroyed. While in administrative segregation, Plaintiff began to suffer substernal pain, arrhythmia, increased hypertension, anxiety, emotional distress and fear of impending cardiopulmonary collapse or stroke. For eight hours Plaintiff made two guards aware of his serious distress but was ignored. The next morning, Plaintiff was found semiconscious on the floor of his cell by the door begging for help. Plaintiff was immediately taken to Kaweah Hospital where he underwent treatment. Plaintiff stayed in the hospital for 22 days suffering from vertigo, loss of hearing, loss of vision, ecchymosis of the right orbital area, and bruises from the assault.

Because of COVID at Substance Abuse Treatment Facility and State Prison, Corcoran (SATF) and the lack of beds available in the infirmary, Plaintiff was transferred via ambulance to Ironwood State Prison. During the transportation, Plaintiff began to vomit and was taken to Chino Hospital where he stayed for 3 days. Plaintiff was then taken to Ironwood State Prison where he again felt sick but was ignored.

///

///

---

[1] By way of separate order, the Court has severed and transferred Plaintiff's claims arising at Ironwood State Prison to the United States District Court for the Central District of California, Eastern Division.

## III.

## DISCUSSION

### A.     Linkage

Section 1983 of the Civil Rights Act requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").

### B.     State of California and CDCR as Defendants

The Eleventh Amendment to the United States Constitution sets out the principle of State sovereign immunity, and states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.; Martin v. Johnson, No. 2:20-cv-11342-FWS-SHK, 2022 WL 20273644, at *6–7 (C.D. Cal. Nov. 15, 2022). In other words, the Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Id.; see also Bausman v. Cal. Dep't of Corr. & Rehab., No. 1:14-cv-00900-DAD-EPG-PC, 2016 WL 2349147 at *2–3 (E.D. Cal. May 3, 2016) (quoting Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citing Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003) ("The Eleventh Amendment erects a general bar against federal lawsuits brought against a state.  However, suits against a state official are an exception to this bar.  While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," suits against the state or its agencies are barred absolutely, regardless of the form of relief sought. Bausman, 2016 WL 2349147 at *2 (quoting Wolfson, 616 F.3d at 1065-66;

4

see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); Buckwalter v. Nevada Bd. of Medical Examiners, 678 F.3d 737, 740 n. 1 (9th Cir. 2012). This protection extends to the CDCR. Brown v. Cal. Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009) ("The district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity."). Therefore, any claims against the State of California and CDCR are barred under the Eleventh Amendment

### C. Supervisory Liability

A supervisory official is liable under section 1983 if (1) the official is personally involved in the constitutional deprivation, or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Keates v. Koile, 883 F.3d 1228, 1242–43 (9th Cir. 2018) (quoting Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011)). "The requisite causal connection can be established ... by setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr, 652 F.3d at 1207–08 (internal quotation marks and citations omitted) (alterations in original). Thus, a supervisor may "be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Keates, 883 F.3d at 1243 (quoting Starr, 652 F.3d at 1208).

"Conclusory allegations that various prison officials knew or should have known about constitutional violations occurring against plaintiff simply because of their general supervisory role are insufficient to state a claim under 42 U.S.C. § 1983." Sullivan v. Biter, No. 15-cv-00243, 2017 WL 1540256, at *1 (E.D. Cal. Apr. 28, 2017) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) and Starr, 652 F.3d at 1207). In other words, to state a claim against any individual defendant based on supervisory liability, Plaintiff "must allege facts showing that the individual defendant participated in or directed the alleged violation, or knew of the violation and failed to act to prevent it." Richard v. Holtrop, No. 15-cv-5632, 2016 WL 11520620, at *5 (C.D.

5

Cal. May 12, 2016) (emphasis in original) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").

Plaintiff names former Secretary of CDCR, Kathleen Allison, Wardens Sherman and McDowell, and Associate Warden A. Baer, as Defendants but links no facts against them. Plaintiff is advised that supervisory liability is not an independent cause of action under § 1983, and Plaintiff must allege both an underlying constitutional violation and a connection between the supervisor's actions and the violation. See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.' "), quoting Hansen v. Black, 855 F.2d 642, 646 (9th Cir. 1989); Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."), citing Rizzo v. Goode, 423 U.S. 362, 370-71, 375-77 (1976). Plaintiff may not simply attempt to hold supervisory Defendants liable without any factual allegations regarding their personal involvement in the alleged constitutional violation or a causal connection between their wrongful conduct and the violation. Accordingly, Plaintiff fails to state a cognizable claim against these supervisory Defendants.

### D. Deliberate Indifference to Serious Medical Need

Deliberate indifference to the serious medical needs of an incarcerated person constitutes cruel and unusual punishment in violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). To maintain an Eighth Amendment claim premised on prison medical treatment, the prisoner must show that officials were deliberately indifferent to his medical needs. A finding of "deliberate indifference" involves an examination of two elements: the seriousness of the plaintiff's medical need (determined objectively) and the nature of the defendant's response (determined by defendant's subjective state of mind). See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d

1133, 1136 (9th Cir. 1997) (en banc). On the objective prong, a "serious" medical need exists if the failure to treat "could result in further significant injury" or the "unnecessary and wanton infliction of pain." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014). On the subjective prong, a prison official must know of and disregard a serious risk of harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Such indifference may appear when a prison official intentionally denies or delays care, or intentionally interferes with treatment once prescribed. Estelle, 429 U.S. at 104-05.

If, however, the official failed to recognize a risk to the plaintiff—that is, the official "should have been aware" of a risk, but in fact was not—the official has not violated the Eighth Amendment. Sandoval v. Cnty. of San Diego, 985 F.3d 657, 668 (9th Cir. 2021) (emphasis in original). That is because deliberate indifference is a higher standard than medical malpractice. Thus, a difference of opinion between medical professionals—or between the plaintiff and defendant—generally does not amount to deliberate indifference. See Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). An argument that more should have been done to diagnose or treat a condition generally reflects such differences of opinion and not deliberate indifference. Estelle, 429 U.S. at 107.  To prevail on a claim involving choices between alternative courses of treatment, a plaintiff must show that the chosen course "was medically unacceptable under the circumstances," and was chosen "in conscious disregard of an excessive risk" to the plaintiff's health. Hamby v. Hammond, 821 F.3d 1085, 1092 (9th Cir. 2016).

Neither will an "inadvertent failure to provide medical care" sustain a claim, Estelle, 429 U.S. at 105, or even gross negligence, Lemire v. California Dep't of Corr. & Rehab., 726 F.3d 1062, 1082 (9th Cir. 2013).  Misdiagnosis alone is not a basis for a claim of deliberate medical indifference. Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012).  A delay in treatment, without more, is likewise insufficient to state a claim. Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  It is only when an official both recognizes and disregards a risk of substantial harm that a claim for deliberate indifference exists. Peralta v. Dillard, 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc).  A plaintiff must also demonstrate harm from the official's conduct. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  And the defendant's actions must have been both an actual and proximate cause of this harm. Lemire, 726

F.3d at 1074.

To the extent Plaintiff contends that he was not provided proper medical treatment at SATF after the assault by two inmates, Plaintiff fails to state a cognizable claim for relief. Plaintiff fails to link any individual Defendant to an affirmative act or omission giving rise to a claim for deliberate indifference. Accordingly, Plaintiff fails to state a cognizable claim for relief.

### E. Transfer to Ironwood State Prison

Plaintiff submits that sometime between October and December 2020, he was transferred from SATF to Ironwood State Prison where he subsequently tested positive for COVID.

As a rule, prisoners have no expectation they will remain in any facility during their confinement, and prison officials have broad authority to transfer prisoners from one facility to another. See Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); see also Meachum v. Fano, 427 U.S. 215, 225 (1976).

To the extent Plaintiff contends that he was improperly transferred to Ironwood State Prison during an active-known outbreak of COVID, his claim fails.

"[T]he Eighth Amendment applies to conditions of confinement that are not formally imposed as a sentence for a crime." Helling v. McKinney, 509 U.S. 25, 29 (1993). The Supreme Court has recognized that the Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety,' " and "[i]t is "cruel and unusual punishment to hold convicted criminals in unsafe conditions." Id. at 33 (citations omitted). Such Eighth Amendment claims are analyzed through a two-pronged inquiry. Id. at 35-37. Under the objective prong, the prisoner must establish "society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." Id. at 36. The subjective prong "requires an inquiry into the prison officials' state of mind" based on the "deliberate indifference" standard. Id. at 32. A prison official is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Prison officials have a duty to protect inmates from serious communicable diseases. Helling v. McKinney, 509 U.S. at 33 (finding prison officials may not "be deliberately indifferent to the exposure of inmates to a serious, communicable disease"); Hutto v. Finney, 437 U.S. 678, 682-83 (1978) (affirming a finding of an Eighth Amendment violation where a facility housed individuals in crowded cells with others suffering from infectious diseases, such as Hepatitis and venereal disease, and the individuals' "mattresses were removed and jumbled together each morning, then returned to the cells at random in the evening"); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007) (recognizing a cause of action under the Eighth Amendment and 42 U.S.C. § 1983 for an alleged policy of not screening inmates for infectious diseases - HIV, Hepatitis C, and Heliobacter pylori - and for housing contagious and healthy individuals together during a known "epidemic of hepatitis C"); Maney v. Hall, 2021 WL 354384, at *12 (D. Or. Feb. 2, 2021) (citing cases recognizing prison officials' duty to protect inmates from exposure to communicable diseases under the Eighth Amendment).

There is no question that COVID-19 is a serious communicable disease and courts have so held. See Plata v. Newsom, 445 F.Supp.3d 557, 559 (N.D. Cal. 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.); Kuykendall v. Superior Ct. of California, No. 2:20-cv-1590 KJN P, 2020 WL 6582163, at *3 (E.D. Cal. Nov. 10, 2020). However, bare allegations of the existence of a disease and the contraction of the disease simply are not enough to state a claim against any defendant for deliberate indifference. It is " 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' " Farmer, 511 U.S. at 834 (internal quotation marks, emphasis, and citations omitted). "To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind,' " which is one of "deliberate indifference" to inmate health or safety. Id.

Here, Plaintiff has not alleged any facts which show Defendants' decision to transfer him or the way that they effected the transfer disregarded serious risks to his health. Plaintiff does not provide sufficient facts to demonstrate that Defendants knew that transferring him to Ironwood State Prison would subject him to higher Covid-19 risks—either because Kern Valley had higher

9

incidences of Covid-19 than other prison facilities or less sanitary conditions. Because he does not plead facts which would support an inference that Defendant acted with deliberate indifference to his medical well-being, his Eight Amendment claim fails.

Further, simply knowing about the risks of COVID-19 to prisoners, having access to opinions from national public health experts, such as from the CDC, and possible knowledge of the number and manner of all prisoner deaths is insufficient to support a conclusion that Defendants were deliberately indifferent to Plaintiff's safety. To state a cognizable Eighth Amendment claim, Plaintiff must provide more than generalized allegations that Defendants did not do enough regarding disinfecting, masking, or prison movement to control the spread. See Booth v. Newsom, No. 2:20-cv-1562 AC P, 2020 WL 6741730, at *3 (E.D. Cal. Nov. 17, 2020); see also Blackwell v. Covello, No. 2:20-CV-1755 DB P, 2021 WL 915670, at *3 (E.D. Cal. Mar. 10, 2021) (failure to state a claim against warden for failure to adequately control the spread of COVID-19 in the prison); McKissick v. Gastelo, No. 2:21-cv-01945-VAP (MAA), 2021 WL 2895679, at *5 (C.D. Cal. Jul. 9, 2021) (plaintiff "must provide more than generalized allegations that Defendants have not done enough to enforce six-feet social and living distancing, or provided sufficient cleaning supplies, in order to control the spread of COVID-19"); Foster v. Shirley, 2021 WL 2457655, at *3 (E.D. Cal. June 16, 2021) (plaintiff must allege more than generalized allegations regarding what the warden did not do to control the spread of COVID-19). The question is not whether Defendants could do better—the question is whether Defendants acted with indifference to the risks posed by COVID-19. Stated another way, the key inquiry is not whether Defendants perfectly responded, complied with every CDC guideline, or whether the efforts ultimately averted the risk; instead, the key inquiry is whether Defendants "responded reasonably to the risk." See Stevens v. Carr, No. 20-C-1735, 2021 WL 39542, at *4 (E.D. Wis. Jan. 5, 2021); accord Benitez v. Sierra Conservation Center, 1:21-CV-00370 BAM (PC), 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021) (same); Sanford v. Eaton, No. 1:20-CV-00792 BAM (PC), 2021 WL 3021447, at *8 (E.D. Cal. July 16, 2021) (same). Accordingly, Plaintiff fails to state a cognizable claim based on his transfer from SATF to Ironwood State Prison.

///

## IV.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff fails to state a cognizable claim for relief and shall be granted leave to file an amended complaint to cure the deficiencies identified in this order, if he believes he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.' ").

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;
3. Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length; and

///
///
///
///

4. If Plaintiff fails to file an amended complaint in compliance with this order, the

1 | Court will recommend to a district judge that this action be dismissed consistent
2 | with the reasons stated in this order.

3

4 | IT IS SO ORDERED.

5 | Dated: __**February 6, 2025**__          _____

STANLEY A. BOONE
6 | United States Magistrate Judge